Filed 11/12/15  Swaidan v. Pavlovic CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ABRAHAM SWAIDAN, | B257368 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC505375) |
| v. | |
| ZORAN PAVLOVIC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Steven J. Kleifield, Judge.  Affirmed.

Law Offices of Johnna J. Hansen and Johnna J. Hansen; Zoran Pavlovic, in pro. per., for Defendant and Appellant.

Vincent Chan for Plaintiff and Respondent.

_____

After Zoran Pavlovic accused Abraham Swaidan of bribery, Swaidan sued Pavlovic for defamation, eavesdropping and several related business torts. The trial court denied Pavlovic's special motion to strike the complaint under Code of Civil Procedure section 425.16,[1] finding Pavlovic's statements were not protected speech within the meaning of that statute because they did not concern a public issue or an issue of public interest. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

During 2011 and 2012 Swaidan, an employee with Quixote Studios, was responsible for obtaining construction bids. Pavlovic, an agent for several construction companies, had been successful obtaining bids for some projects, but not others. According to Swaidan, he was terminated in 2012 after Pavlovic reported to Quixote Studios that Swaidan had demanded kickbacks. On April 9, 2013 Swaidan filed a complaint against Pavlovic, alleging he had falsely accused Swaidan of seeking kickbacks "out of frustration that Mr. Swaidan would not give him the winning bid."

Pavlovic filed a special motion to strike the complaint pursuant to section 425.16, arguing his statements about Swaidan's misconduct to management at Quixote Studios constituted protected First Amendment activity because exposing commercial bribery, a crime (Pen. Code, § 641.3), in connection with the construction of facilities open to the public is an "issue of public interest." In a supporting declaration Pavlovic asserted he had paid Swaidan $2,500 after winning one inflated bid and $500 after submitting an invoice for work that had not been completed in connection with another project. He also contended he had not initiated the report of misconduct, but that Quixote Studios had solicited the information from him. The court denied the special motion to strike, finding the allegations of the complaint arose from "a private dispute between private parties."

---

[1] Statutory references are to this code unless otherwise indicated.

## DISCUSSION

1. *Section 425.16:  The Anti-SLAPP Statute*[2]

Section 425.16 provides, "A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim." (§ 425.16, subd. (b)(1).)[3]

In ruling on a motion under section 425.16, the trial court engages in a familiar two-step process.  "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.  The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken 'in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue,' as defined in the statute.  (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.  Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers 'the pleadings, and supporting and opposing

---

[2] SLAPP is an acronym for "strategic lawsuit against public participation." (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 8, fn. 1.)

[3] Under the statute an "'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes:  (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

3

affidavits stating the facts upon which the liability or defense is based.'" (*Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 67.)

In terms of the so-called threshold issue, the moving party's burden is to show "the challenged cause of action arises from protected activity." (*Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1056; *City of Los Angeles v. Animal Defense League* (2006) 135 Cal.App.4th 606, 616, fn. 10.) "[T]he statutory phrase 'cause of action . . . arising from' means simply that the defendant's act underlying the plaintiff's cause of action must *itself* have been an act in furtherance of the right of petition or free speech. [Citation.] In the anti-SLAPP context, the critical point is whether the plaintiff's cause of action itself was *based on* an act in furtherance of the defendant's right of petition or free speech. [Citations.] 'A defendant meets this burden by demonstrating that the act underlying the plaintiff's cause [of action] fits one of the categories spelled out in section 425.16, subdivision (e) . . . .'" (*City of Cotati v. Cashman* (2002) 29 Cal.4th 69, 78.) "If the defendant does not demonstrate this initial prong, the court should deny the anti-SLAPP motion and need not address the second step." (*Hylton v. Frank E. Rogozienski, Inc.* (2009) 177 Cal.App.4th 1264, 1271.)

If the defendant establishes the statute applies, the burden shifts to the plaintiff to demonstrate a "probability" of prevailing on the claim. (*Equilon Enterprises v. Consumer Cause, Inc., supra,* 29 Cal.4th at p. 67.) In deciding the question of potential merit, the trial court properly considers the pleadings and evidentiary submissions of both the plaintiff and the defendant, but may not weigh the credibility or comparative strength of any competing evidence. (*Vargas v. City of Salinas* (2009) 46 Cal.4th 1, 19-20.) The question is whether the plaintiff presented evidence in opposition to the defendant's motion that, if believed by the trier of fact, is sufficient to support a judgment in the plaintiff's favor. (*Zamos v. Stroud* (2004) 32 Cal.4th 958, 965.) Nonetheless, the court should grant the motion "'if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim.'" (*Vargas,* at p. 20; *Wilson,* at p. 821; *Zamos,* at p. 965.)

4

The defendant has the burden on the first issue; the plaintiff has the burden on the second issue.  (*Chodos v. Cole* (2012) 210 Cal.App.4th 692, 701; *Kajima Engineering & Construction, Inc. v. City of Los Angeles* (2002) 95 Cal.App.4th 921, 928.)  We review the trial court's rulings independently under a de novo standard of review.  (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 325; *Rusheen v. Cohen, supra,* 37 Cal.4th at p. 1055.)

2.  *The Trial Court Properly Denied the Special Motion To Strike*

a.  *The public issue requirement*

In *Briggs v. Eden Council for Hope & Opportunity* (1999) 19 Cal.4th 1106, the Supreme Court held a moving party relying on section 425.16, subdivision (e)(1) and (2), need establish only that the challenged statement was made within or in connection with an official proceeding whether or not it pertained to an issue of public significance:  "[P]lainly read, section 425.16 encompasses any cause of action against a person arising from any statement or writing made in, or in connection with an issue under consideration or review by, an official proceeding or body."  (*Briggs*, at p. 1113; see *id.* at p. 1123 ["a defendant moving to strike a cause of action arising from a statement made before, or in connection with an issue under consideration by, a legally authorized official proceeding [under subdivision (e)(1) and (2)] need *not* separately demonstrate that the statement concerned an issue of public significance"].)  The Supreme Court explained, quoting from the Court of Appeal decision in *Braun v. Chronicle Publishing Co.* (1997) 52 Cal.App.4th 1036, 1047, "'Under the plain terms of the statute it is the context or setting itself that makes the issue a public issue:  all that matters is that the First Amendment activity take place in an official proceeding or be made in connection with an issue being reviewed by an official proceeding.'"  (*Briggs*, at p. 1116; accord, *Kibler v. Northern Inyo County Local Hospital Dist.* (2006) 39 Cal.4th 192, 198.)  However, a defendant seeking to strike a cause of action that arises from protected conduct described in subdivision (e)(4), as here, must demonstrate the matter concerns a public issue or an issue of public interest.  (*Briggs*, at pp. 1117-1118; *Ben-Shahar v. Pickart* (2014) 231 Cal.App.4th 1043, 1051)

5

Section 425.16 does not define "public issue" or "issue of public interest," and "it is doubtful an all-encompassing definition could be provided." (*Weinberg v. Feisel* (2003) 110 Cal.App.4th 1122, 1132 (*Weinberg*).) "'Public interest' within the meaning of the anti-SLAPP statute has been broadly defined to include, in addition to government matters, '"private conduct that impacts a broad segment of society and/or that affects a community in a manner similar to that of a government entity."'" (*Ruiz v. Harbor View Community Assn.* (2005) 134 Cal.App.4th 1456, 1468; see *Grenier v. Taylor* (2015) 234 Cal.App.4th 471, 481 [§ 425.16 "requires the issue to include attributes that make it one of public, rather than merely private, interest"; "a matter of concern to the speaker and a relatively small, specific audience is not a matter of public interest"].) For example, our colleagues in Division Three of this court held the fact Marlon Brando had named his retired housekeeper as a beneficiary in his living trust was an issue of public interest within the meaning of section 425.16, subdivision (e)(3) and (4), explaining, "A statement or other conduct is 'in connection with an issue of public interest' . . . if the statement or conduct concerns a topic of widespread public interest and contributes in some manner to a public discussion of the topic." (*Hall v. Time Warner, Inc* (2007) 153 Cal.App.4th 1337, 1347; see also *DuCharme v. International Brotherhood of Electrical Workers* (2003) 110 Cal.App.4th 107, 118 [matter may be of "public interest" for purposes of the statute even if the interest is not general but is limited to a "definable *portion* of the public"; in such circumstances, however, the statement must relate to an "ongoing controversy" such that it warrants protection by a statute that embodies encouragement of participation in matters of public significance]; *Rivero v. American Federation of State, County and Municipal Employees, AFL-CIO* (2003) 105 Cal.App.4th 913, 924 [statement about supervision of a staff of eight custodians did not concern an issue of public interest; to establish "public issues" or "issues of public interest" within the meaning of the anti-SLAPP statute, it must be demonstrated (1) the challenged statements concerned a person or entity in the public eye or a topic of widespread public interest or (2) the protected conduct directly affected a large number of people beyond the direct participants].)

6

b. *Pavlovic's accusations of commercial bribery were not protected speech concerning a public issue or issue of public interest*

Attempting to rely on language from *Ferrick v. Santa Clara University* (2014) 231 Cal.App.4th 1337, 1356, Pavlovic contends reporting commercial bribery in connection with the construction of a facility open to the public is an issue of public interest. But there was no special motion to strike in *Ferrick*. Rather, the case concerned whether an employee of a private university discharged after reporting her supervisor had accepted kickbacks and engaged in other misconduct could state a tort claim for wrongful termination in violation of public policy. (*Id.* at p. 1340.) The nature of the protection provided whistleblowers from retaliation in the workplace based on the "fundmental public interest in a workplace free from crime" (*id*. at p. 1356) is quite different from an evaluation of the status of a report of misconduct by an employee of a private business under section 425.16, subdivision (e)(4). The criteria that do apply to determine whether Pavlovic's statements concerned a matter of public interest for purposes of a special motion to strike, discussed above, which Pavlovic fails to address, demonstrate they were not. Pavlovic's allegations did not concern a topic of widespread public interest, contribute to a public discussion, relate to an ongoing controversy or affect a large number of people beyond the direct participants.

*Weinberg*, *supra*, 110 Cal.App.4th 1122 is instructive. Alan Weinberg believed Duane Feisel had stolen a valuable token from him at a token show and published accusatory statements in a collectors newsletter sent to approximately 700 people. Weinberg also sent letters to collectors describing Feisel as a thief and chronic liar and engineered a vote excluding him from an upcoming token jamboree. (*Id.* at pp. 1127-1129.) Weinberg sued Feisel for libel, slander and intentional infliction of emotional distress; Feisel moved to strike the complaint under section 425.16. Affirming the trial court's denial of the motion, the *Weinberg* court explained, "[Feisel] did not present any evidence to show that [Weinberg] was anything other than a private, anonymous token collector; that their dispute was anything other than a private controversy; or that the communications were made to anyone other than a small group of other private parties."

7

(*Id.* at p. 1132.) The court noted, although Feisel claimed that he warned other parties of the suspected theft so they could protect their own interests, he did not report his suspicions to law enforcement and did not pursue civil charges against Weinberg. The court thus concluded Feisel's interests were not directed toward a matter of public interest, but rather were in furtherance of "a private campaign, so to speak, to discredit [Weinberg] in the eyes of a relatively small group of fellow collectors." (*Id.* at p. 1127.) Such a campaign was not properly characterized as a matter of public interest and, therefore, was not within the ambit of section 425.16. (*Weinberg*, at p. 1136; see *Albanese v. Menouros* (2011) 218 Cal.App.4th 923, 936 ["'The assertion of a broad and amorphous public interest is not sufficient. . . . [T]he focus of the speaker's conduct should be the public interest, not a private controversy.'"].)

As in *Weinberg*, Pavlovic did not report Swaidan's misconduct to law enforcement. Moreover, even if a trier of fact were to determine the misconduct occurred, it affected only Swaidan, Quixote Studios and Pavlovic. That the inflated bids or fabricated invoices involved a building open to the public does not convert the matter into one of public interest. Other than perhaps mere curiosity that bribery occurs, the public had no interest whatsoever in the matter. (See *Weinberg*, *supra*, 110 Cal.App.4th at p. 1132 ["'public interest' does not equate with mere curiosity"; "the assertion of a broad and amorphous public interest is not sufficient"]; *Grenier v. Taylor*, *supra*, 234 Cal.App.4th at p. 481 ["'public interest' is not mere curiosity"]; *D.C. v. R.R.* (2010) 182 Cal.App.4th 1190, 1216 ["'"[t]he fact that 'a broad and amorphous public interest' can be connected to a specific dispute is not sufficient to meet the statutory requirements" of the anti-SLAPP statute'"].) There is no suggestion the kickback scheme resulted in shoddy construction that put the public at risk or that taxpayer dollars were used to fund the construction. Thus, the trial court properly found Pavlovic's statements were not protected speech activity in connection with a public issue within the meaning of section 425.16, subdivision (e)(4).

## DISPOSITION

The order denying the section 425.16 special motion to strike is affirmed.
Abraham Swaidan is to recover his costs on appeal.

PERLUSS, P. J.

We concur:

ZELON, J.

BECKLOFF, J.[*]

---

[*]    Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.